IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALEXEI HERNANDEZ, Individually and on Behalf of Others Similarly Situated<br>  Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 4:20-cv-1010 |
| AZTEC PARTY HANDLERS AND RENTALS, INC. and BRICKS CONSTRUCTION SERVICE, INC.,<br>  Defendants. | § | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

### Summary of Lawsuit

Defendant Aztec Party Handlers and Rentals, Inc. ("Aztec") has a business plan that includes using other companies to engage in a scheme of paying non-exempt hourly employees the same hourly rate for all hours worked, even those hours over 40 per workweek. Bricks Construction Service, Inc. ("Bricks") is one of the companies complicit in Aztec's illegal scheme. Bricks supplies hourly workers to Aztec, and both companies reap the benefit of improper straight-time payments for overtime hours worked. Defendants' failure to pay the overtime premium required by law allows them to gain an unfair advantage over competitors who follow the law in their employment practices. Plaintiff Alexei Hernandez ("Hernandez" or "Plaintiff") is one of the workers hired by Defendants as an hourly employee and not paid overtime pay, and brings this lawsuit against Defendants to recover unpaid overtime that is required by the Fair Labor Standards Act ("FLSA").

### Facts Supporting Relief

### Allegations Related to Plaintiff's and His Co-Workers' Claims

1. Hernandez worked for Bricks, performing services for Aztec, as a laborer from October of 2019 until March 7, 2020.

2. Hernandez was hired by Bricks to work solely for Aztec. Each day he worked, Hernandez reported to an Aztec facility and, when he arrived, clocked in on an Aztec timekeeping system and with an Aztec employee id number. He performed serviced only for Aztec and was supervised by Aztec employees.

3. Hernandez's duties included, but were not limited to, setting up tents, tables, chairs and lighting for special events at hotels and other venues including the Houston Livestock Show and Rodeo.

4. During the time he worked for the Defendants, Plaintiff regularly worked in excess of 40 hours per week.

5. Defendants, though Bricks' payroll system, paid Hernandez on an hourly basis. Defendants did not pay Hernandez an overtime premium for any of the hours he worked in excess of 40 in a workweek. Instead, Hernandez was paid the same hourly rate for all the hours he worked ("straight time").

6. Hernandez worked with numerous other individuals who were paid on an hourly basis. These individuals were also laborers, working for Aztec though Bricks, who also regularly worked over 40 hours per week, and who were also not paid overtime pay for hours they worked in excess of 40 per workweek. Instead, the Defendants also paid these other individuals straight time for all hours that they worked over 40 in a workweek.

## Allegations Regarding FLSA Coverage

7. Defendant Aztec is a Texas corporation that is covered by and subject to the overtime requirements of the FLSA.

8. During each of the three years prior to this complaint being filed, Aztec was an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

9. During each of the three years prior to this complaint being filed, Aztec regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

10. During each of the three years prior to this complaint being filed, Aztec conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

11. During each of the three years prior to this complaint being filed, Aztec's employees used goods, tools, equipment or materials that traveled in interstate commerce; that is, goods, tools, equipment or materials that were grown, made or manufactured outside the state of Texas.

12. Defendant Bricks is a Texas corporation that is covered by and subject to the overtime requirements of the FLSA.

13. During each of the three years prior to this complaint being filed, Bricks was an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

14. During each of the three years prior to this complaint being filed, Bricks regularly

owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

15. During each of the three years prior to this complaint being filed, Bricks conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

16. During each of the three years prior to this complaint being filed, Bricks' employees used goods, tools, equipment or materials that traveled in interstate commerce; that is, goods, tools, equipment or materials that were grown, made or manufactured outside the state of Texas.

## Plaintiff's Claims

17. Defendants were legally required to pay Hernandez and his similarly situated laborer co-workers ("Members of the Class") overtime pay for all hours that these individuals worked for Defendants in excess of 40 in any workweek.

18. Hernandez worked over 40 hours in many workweeks that he worked for Defendants.

19. Members of the Class worked over 40 hours in many workweeks that they worked for Defendant.

20. Defendants did not pay Hernandez time-and-a-half for any of the overtime hours that he worked for the Defendants. Defendants' underpayment of the Plaintiff, often referred to as "wage theft," allowed Defendants to gain an unfair advantage in the marketplace as compared to similar businesses that pay their employees all of the money required by law.

21. The Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to Hernandez and

Members of the Class. Such practice was, and continues to be with regard to the Members of the Class, a clear violation of the FLSA.

## Cause of Action

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

22. Defendants violated the FLSA by failing to pay Hernandez overtime pay for hours worked over 40 per workweek.

23. Hernandez has suffered damages as a direct result of Defendants' illegal actions.

24. Defendants are liable to Plaintiff for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

### Collective Action Allegations

25. The Defendants' failure to pay their workers as required by the FLSA resulted from a generally applicable policy that does not depend on the personal circumstances of the Members of the Class; that is, paying hourly workers on a straight-time basis. This generally applicable policy is prohibited by the FLSA. Thus, Plaintiff's experience is typical of the experiences of the Members of the Class.

26. The class of similarly situated Plaintiffs is properly defined as:

> **All laborers who are/were employed by and paid on an hourly basis by Defendant Bricks Construction Service, Inc. and who performed work for Defendant Aztec Party Handlers & Rentals, Inc. during the three-year period preceding the filing of this Complaint.**

### Defendant, Jurisdiction, and Venue

27. Defendant Aztec Party Handlers & Rentals, Inc. is a Texas corporation and an "employer" as defined by the FLSA. Defendant may be served through its registered agent,

Dwight E. Vorpahl, at 3200 Southwest Freeway, Suite 2700, Houston, Texas 77027, or 3900 Essex Lane, Suite 400, Houston, Texas 77027, or wherever he may be found.

28. Defendant Bricks Construction Service, Inc. is a Texas corporation and an "employer" as defined by the FLSA. Defendant may be served through its registered agent, Eddie Arvizu, 9130 Hills Junction Court, Cypress, Texas 77433, or wherever he may be found.

29. This Court has federal question jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

## Demand for Jury

30. Plaintiff demands a trial by jury.

## Prayer for Relief

WHEREFORE, Plaintiff and all employees similarly situated who join in this action demand:

1. Issuance of notice as soon as possible to all laborers who are/were employed by and paid on a/an hourly basis by Bricks Construction Service, Inc. and who performed work for Aztec Party Handlers & Rentals, Inc. during the three-year period immediately preceding the filing of this Complaint. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for work performed or hours worked during any portion of the statutory period;
2. Judgment against Defendant for an amount equal to Plaintiff's and the Members of the Class's unpaid overtime wages at the applicable rate;
3. An equal amount to the overtime wage damages as liquidated damages;
4. Judgment against Defendant that its violations of the FLSA were willful;
5. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
6. All costs and attorney's fees incurred prosecuting these claims;
7. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

9. For such further relief as the Court deems just and equitable.

> Respectfully Submitted,
>
> **THE BUENKER LAW FIRM**
>
> */s/ Josef F. Buenker*
> Josef F. Buenker
> TBA No. 03316860
> jbuenker@buenkerlaw.com
> 2060 North Loop West, Suite 215
> Houston, Texas 77018
> 713-868-3388 Telephone
> 713-683-9940 Facsimile
>
> **ATTORNEY-IN-CHARGE FOR PLAINTIFF ALEXEI HERNANDEZ**

**OF COUNSEL:**
Vijay Pattisapu
TBA No. 24083633
S.D. Tex. No. 1829615
vijay@buenkerlaw.com
**THE BUENKER LAW FIRM**
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY FOR PLAINTIFF ALEXEI HERNANDEZ**